IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SEDRICK BOHANNON                                                                           PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:13CV971-LRA

SHERIFF BILLIE SOLLIE, ET AL                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Defendants filed a Motion for Summary Judgment [39] which is before the Court for consideration. In support of their request to dismiss, Defendants attached the Mississippi Department of Corrections information sheet for Plaintiff Sedrick Bohannon; Bohannon's medical records; the transcript of that omnibus hearing conducted April 24, 2013; and, the Oral Care guidelines from the Southern Health Partners' Policy and Procedure Manual for Health Services in Jails. Bohannon filed his response to the motion, attaching portions of his medical requests and records in support of his response [44].

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the

burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. *Id*. at 322. There is a genuine factual dispute between the parties only "when a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

The evidence shows that on September 10, 2010, Bohannon was booked into the Lauderdale County Detention Facility [LCDF] in Meridian, Mississippi, for charges of shooting into a dwelling. He remained there until being released on post-release supervision on February 6, 2012. During this period, [from September 10, 2010, until February 6, 2012] he completed sick call slips complaining of toothaches on three separate occasions. Two months later, on April 7, 2012, Bohannon was arrested for capital rape, kidnapping and burglary, and booked again in the LCDF. His post-release supervision on the shooting into a dwelling conviction was revoked due to this arrest. Bohannon's allegations in this case regarding his dental care at LCDF are for the period of time after his arrest on April 7, 2012.

According to Bohannon, while housed at LCDF, he was provided with toothpaste that was gritty and bad. It caused him to crack his tooth, and the tooth broke off inside his gum. It was very painful and swelled when he brushed his teeth. Bohannon claims he had two abscesses, but he was never been prescribed an antibiotic. He was allowed sick calls, but he was only prescribed orabase ointment and ibuprofen. He filled out sick call requests for over a 12-month period but was never allowed to see a dentist. Bohannon contends that Dr.

Gibson told him he needed to come up with the money to have the tooth pulled; otherwise, the tooth would worsen as time passed.

Plaintiff testified that he mainly saw nurse Sheila when he asked for medical care, and she was deliberately indifferent to his pain and to his need for treatment. She invoiced him over and over for the same thing. Sheriff Sollie never responded to his grievances; grievances are only sent to the nurse. Major Lori Robertson also never helped him get medical treatment. She told Plaintiff to "get some money on the books" and that she would then take care of seeing that he got dental care. Plaintiff testified that he had no money and should have been provided proper care even with no money.

Referring to the medical records, Defendants assert that Bohannon filed a sick call slip complaining of swollen gums on June 14, 2012. He was examined by Nurse Shay Hersey on June 15, 2012, and was provided Motrin for pain. He filled out another sick call slip on June 30, 2012, with the same complaints. He was examined by Nurse Jennifer Embrey and provided Ibuprofen and Orajel. He refused the Orajel packets. Bohannon was taken to the medical unit on July 3, 2012, complaining of wisdom tooth pain. On July 5, 2012, he again filed a sick call slip, complaining that his teeth were bleeding. Nurse Shelia Hanlin evaluated him the next day. She noted that the tooth was decayed but not abscessed, and she provided him Ibruprofen for pain.

After filing this Complaint on July 23, 2012, Bohannon continued to complain of issues with his tooth. He was examined by nurses and provided a pain reliever after each request. The records documented that his decaying tooth was not infected or abscessed,

3

although Bohannan claims it was abscessed twice. He was evaluated by Dr. Walter Gibson on December 13, 2012. Dr. Gibson noted that there was decay but that there were no symptoms of infection; he ordered the nursing staff to continue monitoring for any sign of infection.

The Court has carefully considered the facts as alleged by Plaintiff in conjunction with the applicable law regarding the medical care that these Defendants are required to provide an inmate in their custody. Plaintiff is reminded that his rights under the United States Constitution are not violated simply because these Defendants may not have provided the dental care that he wished to have performed. It would not be enough even if they had been negligent or inattentive. Although actionable as a tort under common law, medical malpractice or negligence does not create a constitutional claim.

Based upon a review of the evidence presented, the Court finds that Defendants are entitled to a judgment at law. Bohannon simply disagreed with the medical staff's decision to only provide pain relievers for his dental issues, rather than pull his tooth. This Court cannot interfere with medical personnel's diagnoses or judgment or with the decisions they make relating to the appropriate treatment given an inmate.

A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment. *Wright v. Collins,* 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. *Russell v. Sheffer,* 528 F.2d 318 (4th Cir. 1975). Plaintiff's self-

diagnosis of what medications or treatments he believed he needed states nothing more than a disagreement with the medical staff's decisions.

The Eighth Amendment does prohibit conduct which evinces deliberate indifference to a serious medical need by its ban on cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976). To prove deliberate indifference, Plaintiff must allege that these Defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Bohannon's own testimony and allegations rebut any showing of intentional mistreatment; his complaints were addressed, not ignored, and there was no "refusal" to treat. Bohannon simply was not happy that his tooth was not pulled. His records confirm that he did receive care from the medical personnel at LCDF on many occasions, and upon his request. Bohannon confirmed through his testimony that he received Orajel and Ibuprofen on several occasions. He complained of dental pain while housed at LCDF prior to his release and he complained of dental pain when he was re-incarcerated. Bohannon testified as to why he did not obtain dental care during the period of time he was free, from February 6, 2012, through April 7, 2012: "They told me I had to have insurance." [39-3, p. 14].

A prisoner is not entitled to his *choice* of treatments. *Id*; *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992). The fact that a plaintiff was not satisfied with his care does not confirm that his constitutional rights were violated. "The decision whether to provide additional treatment 'is a classic example of a matter for medical judgment'"and "[a]

5

prisoner's disagreement with his medical treatment, absent exceptional circumstances" does not satisfy the deliberate indifference requirement. *Estelle*, 429 U.S. at 107; *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Bohannon has not articulated any exceptional circumstances which would make his claims constitutional in nature. The medical records confirming his sick calls, the examinations, and the medications provided, rebut his claims of deliberate indifference. *Id.*

The medical records confirm that Bohannon did not suffer from an abscess or infection during this period of time, although he contends that he did. It is doubtful that sore gums and a decaying tooth constitute a "serious medical need" under these circumstances. Defendants cite a long list of cases wherein prisoners' claims regarding dental care have been rejected by courts within the Fifth Circuit. *See* Defendants' Memorandum Brief in Support of Motion for Summary Judgment, [40], p. 8.[1] Included is the case of *Tucker v. Shepard*, No. 3:07cv465, 2008 WL 341653 (S.D. Miss. Feb. 5, 2008), wherein the undersigned dismissed a case regarding a prisoner's dental care as frivolous. In that case, the prisoner wanted to be

---

[1] The cases cited by Defendants are *Marquez v. Quarterman*, No. 9:09cv71, 2010 WL 1064421, at *1, 10 (E.D. Tex. Mar. 18, 2010) (granting summary judgment as to claims arising from prison's denial of requests for dentures); *Ledee v. Otwell*, No. 09cv744, 2010 WL 1142051, at *6-7 (W.D. La. Jan. 27, 2010) (finding inmate's allegations regarding delay in seeing a dentist to be "frivolous and failing to state a claim upon which relief may be granted"); *McBride v. Coahoma County*, No. 2:07cv0176, 2008 WL 2704590, at *1, 3 (N.D. Miss. July 7, 2008) (determining that similar claims "fail[ed] to state a claim of constitutional dimension"); *Tucker v. Shepard*, No. 3:07cv465, 2008 WL 341653, at *1-2 (S.D. Miss. Feb. 5, 2008), *Vaccaro v. United States*, 125 F.3d 852, 1997 WL 574977, at *1 (5th Cir. 1997) ("[A] broken tooth cannot be characterized as a 'serious medical need' that would trigger Eighth Amendment protection.").

treated by a dentist, not a nurse, and this Court held that there was no legal requirement that jails provide treatment by a dentist for toothaches. *Id.* at *2.

Under the circumstances of this case, as evidenced by Bohannon's testimony, as well as his medical records and other supporting evidence, the Court finds that Defendants are entitled to a judgment at law. Plaintiff cannot show that Defendants were deliberately indifferent to his serious medical needs, and no constitutional violation has been set forth.

IT IS, THEREFORE, ORDERED that Defendants' Motion for Summary Judgment [39] is **granted**, and the Complaint is dismissed with prejudice. A separate Final Judgment in favor of Defendants shall be entered on this date.

SO ORDERED, this the 15th day of May 2014.

S/ Linda R. Anderson<br>UNITED STATES MAGISTRATE JUDGE